# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
VIRGINIA DOWLING,                   *   No. 22-1151V
                                    *
                                    *
              Petitioner,           *
                                    *   Special Master Christian J. Moran
v.                                  *
                                    *   Filed: June 6, 2024
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * *

Mark Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner;
Meghan Murphy, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Virginia Dowling alleged that the tetanus vaccination she received on January 14, 2020, caused her to suffer from immune thrombocytopenic purpura ("ITP"), or, alternatively, that the vaccine significantly aggravated her ITP. Pet., filed Aug. 31, 2022. On June 3, 2024, Ms. Dowling moved for a decision dismissing her petition.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

## I.     Procedural History

Ms. Dowling filed a petition for compensation on August 31, 2022, alleging that a tetanus vaccine she received on January 14, 2020 caused or significantly aggravated her ITP. She filed medical records over the next few months.

The Secretary filed his Rule 4(c) report on September 21, 2023, contesting entitlement. The Secretary argued that Ms. Dowling had not presented a theory to link the tetanus vaccine to ITP or establish a medically appropriate timeframe to infer causation. Resp't's Rep. at 10. The Secretary further noted that Ms. Dowling's most recently documented platelet count was from over 30 months before her vaccination, and so it could not be established whether her ITP pre-dated the vaccination. Id. at 2, 10.

Ms. Dowling filed medical literature regarding ITP. Exhibits 20 to 23. She also worked to obtain updated medical records and stated her intention to retain an expert to write a report. See Order, issued Oct. 18, 2023. However, upon her expert's review, Ms. Dowling requested additional time to determine how she wished to proceed. Pet'r's Mot., filed Mar. 28, 2024.

Counsel was then unable to contact Ms. Dowling to discuss how she wished to proceed. Pet'r's Mot., filed Apr. 11, 2024. This concern was reiterated during a status conference on April 17, 2024. An Order to Show Cause was issued on April 19, 2024.

On June 3, 2024, Ms. Dowling moved to dismiss the case. This matter is now ready for adjudication.

## II.    Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table— corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Dowling filed medical records and retained an expert. Nonetheless, Ms. Dowling wishes to have her claim dismissed and judgment entered against her. Though Ms. Dowling filed this motion pursuant to 42 U.S.C. § 300aa-21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal), given Ms. Dowling's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future. See Pet'r's Mot., filed June 3, 2024 at 2.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim. Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

> (1) a medical theory causally connecting the vaccination and the injury;
> (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
> (3) a showing of a proximate temporal relationship between vaccination and injury.

Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005). Ms. Dowling did not present a medical theory causally connecting her tetanus vaccination and her ITP, or establishing a proper timeframe between vaccination and onset to infer causation. She has therefore not met her burden under the Althen prongs.

For significant aggravation claims, petitioners have a burden to provide proof by a preponderance the of evidence of:

> (1) the person's condition prior to administration of the vaccine,
> (2) the person's current condition (or the condition following the vaccination if that is also pertinent),
> (3) whether the person's current condition constitutes a "significant aggravation" of the person's condition prior to vaccination,
> (4) a medical theory causally connecting such a significantly worsened condition to the vaccination,
> (5) a logical sequence of cause and effect showing that the vaccination was the reason for the significant aggravation, and
> (6) a showing of a proximate temporal relationship between the vaccination

and the significant aggravation.

<u>Loving ex rel. Loving v. Sec'y of Dep't of Health & Hum. Servs.</u>, 86 Fed. Cl. 135, 144 (2009).  Ms. Dowling has not established that she suffered from ITP prior to her vaccination, nor has she presented a medical theory explaining how a tetanus vaccine can significantly aggravate ITP.  Ms. Dowling has therefore not met her burden on this claim, either.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u><br>
Christian J. Moran<br>
Special Master